## Francis I. McCanna, *Ex. & Tr. vs.* Board of Assessors of Narragansett.

### JUNE 1, 1927.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Taxation.   "Assessment."*

Under Gen. Laws 1923, cap. 60, sec. 25, relating to real estate liable to taxation which has been omitted in the assessment of any year, and its subsequent assessment, the word "assessment" means the annual tax statement of the municipality for the current year and includes the list and valuation

of all ratable property and also the amount of each particular tax and is the authorization for the collection of taxes. It is not fully made until the tax roll is completed and delivered by the tax assessors to the town clerk. After delivery the assessors can not repossess the tax roll as their authority is exhausted.

*(2)   Taxation.   Assessment of Property Previously Omitted.   Time.*

Gen. Laws 1923, cap. 60, sec. 25, provides that in the case of any real estate liable to taxation which has been omitted in the assessment of any year, the assessors in the next annual assessment of taxes after such omission is known to them, shall assess a tax which shall be in addition to any tax for the current year and shall be placed on a special tax roll and annexed to the general tax roll for the current year and shall be made within six years of the date of assessment from which such real estate was omitted.

*Held,* that such annexation to the general roll must be made before delivery of the general roll to the town clerk.

*Held,* further, that when the annual assessment for the current year was in progress when the omission of the property became known to the assessors, the assessment of such omitted property should be made in the following year and not in the current year and the time for assessment would be the time between the date of assessment and the date fixed for certification.

Bill in Equity on facts stated in opinion. Certified for determination.

Stearns, J.   This suit in equity was brought October 13, 1926, by complainants, the executor and the trustees under the will of Edith Hanan, deceased, to restrain the Tax Assessors of the town of Narragansett from proceeding to assess certain real estate known as the Casino for the years 1922 to 1925, inclusive. After an answer, a replication and an agreed statement of facts were filed, the cause has been certified to this court for its determination.

At the annual financial town meeting May 10, 1926, the electors of Narragansett voted to levy a tax on the ratable property therein and directed the assessors to assess and apportion said tax as of the 15th day of June, 1926, and on the completion of said assessment to deposit the same in the office of the town clerk on or before September 1, 1926, on which date said taxes were declared to be due and payable; a penalty of ten per centum per annum was imposed on unpaid taxes after November 1, 1926.

The complainant executor became seized in fee of the Casino property June 18, 1921. By several votes of the town this property had for a number of years been exempted from taxation. In *Caswell* v. *Westlake*, 47 R. I. 411, decided by this court June 21, 1926, this exemption was held to be invalid.

On August 31, 1926, the Board of Tax Assessors completed the assessment roll of taxes, dated, signed and deposited the roll in the office of the town clerk pursuant to the statute and the vote of the annual town meeting. On the same day the town clerk delivered this tax roll to the town treasurer who executed and delivered his warrant to the tax collector to proceed to collect the taxes enumerated therein; September 1, the tax bills were sent out by the collector. September 17, 1926, the Board of Tax Assessors gave notice by publication to the estate of Edith Hanan that it was liable to taxation on the Casino property for the years 1922 to 1925 inclusive, during which period said Casino had been omitted in the assessment and thereby had escaped taxation, and representatives of the estate were required to bring in an account of the real estate to the assessors on the 19th of October, 1926, as of the 15th day of June in each of said years. October 17 respondents were temporarily enjoined from further proceeding to assess the taxes. It further appears that the complainants in each of said years had filed an account of the ratable estate owned by the Hanan estate and included therein the Casino property on which they claimed exemption. This statement of the value of the Casino property was entered each year on the assessment roll but no tax was assessed thereon for the reason as stated on the tax roll, that it was exempt.

General Laws, 1923, C. 60, sec. 25, provides that if any real estate liable to taxation has been omitted in the assessment of any year and has thereby escaped taxation, or if any tax has been erroneously assessed thereon in any year and as a consequence can not be collected, or if paid has been recovered back, the assessors in the next annual

assessment of taxes after such omission or erroneous or illegal assessment is known to them, shall assess a tax on such real estate to the same amount it should have been assessed in such year; that such assessment shall be in addition to any assessment against the owner for the current year and shall be placed on a special tax roll and annexed to the general tax roll for the current year and shall be made within six years of the date of assessment from which such real estate was omitted or erroneously assessed.

The claim is that this property was not "omitted in the assessment" within the meaning of those words in the statute; that it has each year been listed in the assessment roll, though not taxed and hence can not be said to have been unknown to or overlooked by the assessors; that "assessment" in this part of the statute means the listing and valuation of the realty and does not include the imposition of a specific sum for a tax. The word "assessment" has various meanings in the statutes. The particular meaning (1) in Section 25 appears clearly upon examination of the statute. Chapter 60 is entitled "Of the Levy and Assessment of Taxes." Three distinct proceedings are provided for and required by the statute: the levy, the assessment, and the collection of the tax. The electors levy the tax. This may be done by fixing the total tax of the town either in a sum certain, or in a sum not less and not more than a certain sum, or in a certain percentage on the valuation made by the assessors. The assessors are then required "to assess and apportion said tax" on the inhabitants and ratable property and "on completion of said assessment" to deliver the same to the town clerk; he is required to make a copy of the same and deliver it to the town treasurer who in turn gives it to the collector of taxes.

The assessment thus provided for is the annual tax statement of the municipality for the current year. It includes the list and valuation of all ratable property and also the amount of each particular tax and is the authorization for the collection of taxes. It is not fully made until the tax

roll is completed and delivered by the assessors to the town clerk. After delivery, the assessors can not repossess the tax roll as their authority is then exhausted. *Sullivan* v. *Peckham,* 16 R. I. 525; *Town Council, Petr.,* 18 R. I. 417; *Quimby* v. *Wood,* 19 R. I. 571.

The time of making the assessment on real estate omitted is prescribed by the statute,—it is to be made in the next annual assessment after the omission is known to the assessors. The Casino property was duly assessed for the year 1926. The final decree in the *Westlake* case was entered July 6, 1926. The claim is that the assessors then knew the facts and had sufficient time thereafter to include the taxes for past years in the assessment roll for 1926 and that, having failed to do this, these taxes can not hereafter be assessed or collected. The taxpayer has not suffered any loss; on the contrary, the delay in making the assessment is to his advantage, both as to the limitation of the period of assessment and the time he has to pay his taxes.

The statutory provisions are that such assessment shall be in addition to any assessment of taxes against any person for the current year and shall be placed on a special tax roll and annexed to the general tax roll for the current year. The purpose of this provision apparently is to keep the taxes for the current year separate from special taxes and to have an assessment which is orderly, not piecemeal. Any such annexation to the general roll must obviously be made before delivery of the general tax roll to the town clerk. In the case at bar the annual assessment for the current year, 1926, was in progress when the omission of this property became known to the assessors. The next annual assessment is in 1927. Accordingly the assessment of taxes for previous years properly should be made in 1927 and not in 1926. Such assessment for any year must be made within six years of the date of the assessment from which such real estate was omitted. By Section 1 the date for assessment is the 15th day of June, except when said date in any year falls upon a Sunday, in which event the date of

assessment is the 16th day of June for that year. The time for assessment is the time between the date of assessment and the date fixed for certification.

Our conclusion is that the assessment of the taxes in question in 1926 is unwarranted and that the assessors can not proceed until the time for assessment in 1927.

The complainants are entitled to relief by injunction restraining the respondents from further action in the proceeding for assessment of taxes pending before said Board of Assessors at the time of the filing of the bill of complaint in this cause.

The parties may present a form of decree to be approved by this court on June 6, 1927, for entry in the Superior Court.

*Lee & McCanna, Francis I. McCanna*, for complainants.

*James O. Watts, Town Solicitor*, for respondents.